■ In the Matter of NEW YORK STATE LIQUOR AUTHORITY, Respondent, v FUFFY'S PANCAKE HOUSE, LTD., et al., Appellants.—In a proceeding pursuant to section 123 of the Alcoholic Beverage Control Law to enjoin the appellants from selling alcoholic beverages for profit or pecuniary gain, and/or permitting persons to come on the premises for the purpose of consuming alcoholic beverages, without first having obtained the appropriate license therefor, the appeal is from a judgment of the Supreme Court, Kings County, entered November 28, 1977, which granted the application. Judgment affirmed, with $50 costs and disbursements. The record indicates that despite the fact that the appellants' premises had no liquor license, on two occasions when investigators of the State Liquor Authority visited the premises and ordered meals from the menu that was given to them, they received three and four complimentary glasses of wine with their meals. The menu bore the legend "Complimentary Glass of Wine with Meals For Adults over 18 Years of Age". The investigators also found advertisements announcing the introduction of an expanded upstairs dining room, and further announcing that for the price of $12.95 there was offered, on Friday nights, an "All You Can Eat" smorgasbord dinner together with, *inter alia,* "Liquor (1 Bottle) & Set Ups Per Table". Subdivision 28 of section 3 of the Alcoholic Beverage Control Law defines "sale" as "any transfer, exchange or barter in any manner or by any means whatsoever *for a consideration"*

(emphasis added). As noted in the opinion of Mr. Justice Monteleone, in granting a preliminary injunction in the instant case, "Clearly, a patron who receives 'complimentary' wine with his dinner is, by the purchase of his meal, giving consideration for the beverage served. The Friday night 'special' dinner is a more flagrant violation in that the liquor is not disguised as 'complimentary' but is included in the total consideration paid by a patron for the evening's dining and entertainment." We would agree that since "complimentary" wine is available only to those who order a meal, the patron who receives such "complimentary" wine with his meal has given consideration in the form of payment for the meal. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.