SCHEB, Acting Chief Judge.
The state challenges a final order granting appellee’s motion for judgment on the pleadings. We reverse.
This appeal presents the question of whether a transaction in which alcoholic beverages are given without additional charge to persons renting a limousine constitutes a sale of alcoholic beverages pursuant to section 561.01(9), Florida Statutes (1985). The trial court held that it was not a sale within the meaning of section 561.-01(9). We disagree.
Section 561.01(9) defines the term “sale” as follows:
“Sale” and “sell” mean any transfer of an alcoholic beverage for a consideration, any gift of an alcoholic beverage in connection with, or as a part of, a transfer of property other than an alcoholic beverage for a consideration, or the serving of an alcoholic beverage by a club licensed under the Beverage Law.
The state contends that payment of the rental price of appellee’s limousine also constituted a consideration for the alcoholic beverages. The state argues that in providing alcoholic beverages to customers, appellee was selling alcoholic beverages without a license in violation of section 562.12, Florida Statutes (1985), which makes it unlawful to sell alcoholic beverages without being licensed under chapter 562, Florida Statutes.
While the state acknowledges that appellate courts in Florida have not directly addressed this issue, it urges that the statutory definition of “sale” is sufficiently broad to include appellee’s activities. The decisional law from other jurisdictions supports this construction. See, e.g., New York State Liquor Authority v. Fuffy’s Pancake House, Ltd,., 65 A.D.2d 556, 409 N.Y.S.2d 20 (1978); New York State Liquor Authority v. Sutton Social Club, Inc., 93 Misc.2d 1024, 403 N.Y.S.2d 443 (1978); Commonwealth v. Backa, 225 Pa. Super. 224, 310 A.2d 355 (1973); Winter v. Pratt, 258 S.C. 397, 189 S.E.2d 7 (1972). Appellee has not filed a brief in this matter but has informed the court that the state’s arguments are meritorious.
We agree with the state that the furnishing of alcoholic beverages in connection with the rental of a limousine constitutes a sale within the meaning of section 561.-01(9).
Accordingly, we vacate the trial court’s judgment on the pleadings and remand for further proceedings consistent herewith.
RYDER and THREADGILL, JJ., concur.